UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Christopher D. Welcome,
        Plaintiff

        v.                                    Civil No. 08-cv-429-SM
                                              Opinion No. 2009 DNH 075
Domenick J. Yezzi,
        Defendant

**O R D E R**

Christopher Welcome has sued Domenick Yezzi in two counts,
asserting a claim of negligence (Count I) and seeking enhanced
compensatory damages (Count II) for injuries he sustained in a
traffic accident involving Yezzi.  Before the court is Yezzi's
motion for partial judgment on the pleadings.  Specifically, he
seeks a judgment that Welcome is not entitled to enhanced
compensatory damages.  Welcome objects.  For the reasons given,
Yezzi's motion is granted.

"A motion for judgment on the pleadings under Federal Rule
of Civil Procedure 12(c) is treated much like a Rule 12(b)(6)
motion to dismiss."  Estate of Bennett v. Wainwright, 548 F.3d
155, 163 (1st Cir. 2008) (citing Pérez-Acevedo v. Rivero-Cubano,
520 F.3d 26, 29 (1st Cir. 2008)).  When ruling on a motion for
judgment on the pleadings under Rule 12(c), the court takes the
facts in the light most favorable to the plaintiff and "draw[s]

all reasonably supported inferences in [her] favor." <u>Abraham v.
Woods Hole Ocean. Inst.</u>, 553 F.3d 114, 115 (1st Cir. 2009)
(citation omitted).  "[T]o survive a Rule 12(b)(6) motion (and,
by extension, a Rule 12(c) motion) a complaint must contain
factual allegations that 'raise a right to relief above the
speculative level.'" <u>Gray v. Evercore Restructuring L.L.C.</u>, 544
F.3d 320, 324 (1st Cir. 2008) (citation omitted).  In other
words, a Rule 12(c) motion should be granted "if the complaint
fails to state facts sufficient to establish a 'claim to relief
that is plausible on its face.'"  <u>Id.</u> (quoting <u>Trans-Spec Truck
Serv., Inc. v. Caterpillar Inc.</u>, 524 F.3d 315, 320 (1st Cir.
2008)).

     According to Welcome's complaint, he was injured when Yezzi,
who was driving while intoxicated, made a U-turn in front of him
while both were traveling northbound on Elm Street in Manchester.
Welcome sued Yezzi in this court, under the court's diversity
jurisdiction.

     Yezzi moves for judgment on the pleadings on Count II,
arguing that under established New Hampshire Supreme Court
precedent, enhanced compensatory damages are not available to
plaintiffs who have been injured by intoxicated drivers.  Welcome
counters that while the cases on which Yezzi relies have not been

overruled by the New Hampshire Supreme Court, they are
nonetheless bad law, and should not be followed.  In the
alternative, he asks this court to certify a question of law to
the New Hampshire Supreme Court concerning the continuing
validity of the cases on which Yezzi relies, or to stay its
ruling on Yezzi's motion while he seeks a declaratory judgment in
the state courts.

In New Hampshire, "[n]o punitive damages shall be awarded in
any action, unless otherwise provided by statute."  N.H. REV.
STAT. ANN. § 507:16; see also Fay v. Parker, 53 N.H. 342, 397
(1872).  There is no statute that provides for punitive damages
under the circumstances presented by this case.[1]  However,
"[w]hen an act is wanton, malicious, or oppressive, the
aggravating circumstances may be reflected in an award of

---

[1] For a brief time, there was such a statute in New
Hampshire:

> In 1981, [the New Hampshire legislature] enacted a law
> that authorized the awarding of double damages if the
> accident [injuring the plaintiff in a civil case]
> resulted in the defendant's conviction for operating
> under the influence and if the conviction was the
> second or subsequent conviction in a seven-year period.
> N.H. REV. STAT. ANN. § 265:82 (1981).  But, it repealed
> the law two years later.  Id. (repealed 1983).  There
> is no indication it has acted on the issue since the
> 1983 repeal.

McKinnon v. Harris, No. Civ. 1:05-CV-93-JAW, 2005 WL 23335350, at
*6 n.10 (D.N.H. Sept. 21, 2005).

enhanced compensatory damages." Stewart v. Bader, 154 N.H. 75, 87 (2006) (quoting Figlioli v. R.J. Moreau Cos., 151 N.H. 618, 621 (2005)).

The New Hampshire Supreme Court has twice addressed the question of whether enhanced compensatory damages are available to a plaintiff seeking to recover for injuries inflicted by an intoxicated driver. Most recently, the court characterized its previous decision in Johnsen v. Fernald, 120 N.H. 440, 441–42 (1980), as follows: "We stated that the act of driving while intoxicated did not constitute 'wanton or malicious' conduct as defined at common law for purposes of enhancing damages." Gelinas v. Mackey, 123 N.H. 690, 693 (1983)). According to Judge Woodcock, in a case decided in this court, "Gelinas unequivocally expressed the law of the state of New Hampshire: operating a motor vehicle under the influence and causing injury is not wanton conduct supporting a claim for enhanced compensatory damages . . ." McKinnon v. Harris, No. Civ. 1:05–CV–93–JAW, 2005 WL 2335350, at *7 (D.N.H. Sept. 21, 2005).

Plaintiff attacks the validity of Gelinas in several ways. First, relying on Justice Douglas's concurrence in Johnsen, and an order from the New Hampshire Superior Court Hanscom v. O'Connell, No. 03-C0338, 2003 WL 23305265 (N.H. Super. Ct. Nov.

4

7, 2003), plaintiff argues, in essence, that <u>Gelinas</u> is of "questionable soundness" because it is based on a misreading of <u>Johnsen</u>.  Second, he argues that <u>Gelinas</u> is outdated because it "runs counter to the clear nationwide trend enabling enhanced damages in drunk driving cases."  In <u>McKinnon</u>, Judge Woodcock was presented with the first issue and acknowledged the second, yet concluded:

> <u>Gelinas</u> remains the last word from the Supreme Court of New Hampshire on the question of whether the operation of a motor vehicle while under the influence is wanton conduct sufficient in New Hampshire to sustain a claim for enhanced damages.  It is not.

<u>McKinnon</u>, 2005 WL 2335350, at *8.  Judge Woodcock's analysis is on point, comprehensive, and persuasive.  There is no need to belabor the issue; defendant is entitled to dismissal of plaintiff's claim for enhanced compensatory damages.  It is not for this court to determine whether <u>Gelinas</u> was correctly decided, or whether changing social mores have rendered that decision outdated and warrant a substantial change in the common law of New Hampshire.

In an attempt to salvage his claim for enhanced compensatory damages, plaintiff asks the court to either certify a question to the New Hampshire Supreme Court, or to stay its ruling on defendant's motion while he seeks a declaratory judgment in the

state courts.  Technically, those requests are not properly
before the court.  <u>See</u> L.R. 7.1.(a)(1) ("Objections to pending
motions and affirmative motions for relief should not be combined
in one filing.").  But, because defendant has addressed
plaintiff's requests, and, in the interest of judicial economy,
the court will resolve the issue.

Certification of a question of law to the New Hampshire
Supreme Court is appropriate when the certifying court has before
it a case in which "there are involved . . . questions of law of
this State which may be determinative of the case then pending in
the certifying court and as to which it appears to the certifying
court that there is no controlling precedent in the decisions of
[the New Hampshire Supreme] [C]ourt."  N.H. Sᴜᴘ. Cᴛ. R. 34.  This
is not such a case.  There is controlling precedent.  It is
<u>Gelinas</u>.  And, "[w]hen state law is sufficiently clear . . . to
allow a federal court to predict its course, certification is
both inappropriate and an unwarranted burden on the state court."
<u>Gilmore v. Citigroup</u>, Inc. (<u>In re Citigroup, Inc.</u>), 535 F.3d 45,
62 (1st Cir. 2008) (quoting <u>Manchester Sch. Dist. v. Crisman</u>, 306
F.3d 1, 14 (1st Cir. 2002; citing <u>Hugel v. Milberg, Weiss,</u>
<u>Bershad, Hynes & Lerach, LLP</u>, 175 F.3d 14, 18 (1st Cir. 1999)).
If the New Hampshire Supreme Court had not decided <u>Johnsen</u> and
<u>Gelinas</u>, then perhaps a question might be appropriately

certified.  See U.S. Steel v. M. DeMatteo Constr. Co., 315 F.3d

43, 54 (1st Cir. 2002) ("certification is particularly

appropriate where the question at issue is novel, and the law

unsettled") (citing Lehman Bros. v. Schein, 416 U.S. 386, 391

(1974)).  But, whether the New Hampshire Supreme Court stands by

Gelinas, or might overrule it, is not a novel question of

unsettled law suitable for Rule 34 certification.


     Finally, while the following observation is not dispositive,

the court notes that "one who chooses the federal courts in [a]

diversity action[ ] is in a peculiarly poor position to seek

certification." Phoung Luc v. Wyndham Mgmt. Corp., 496 F.3d 85,

95 (1st Cir. 2007) (quoting Venezia v. Miller Brewing Co., 626

F.2d 188, 192 n.5 (1st Cir. 1980)).  As the court of appeals for

this circuit explained in an opinion vacating an award of damages

for emotional distress made in the district court, in

contravention of established New Hampshire Supreme Court

precedents:

          Although it is possible that the state supreme court
          might be ready to adopt a different view [than that
          expressed in two previous opinions], we cannot lightly
          indulge such speculation.  Where a directly pertinent
          precedent of the state's highest court obtains, a
          federal court applying state law must be hesitant to
          blaze a new (and contrary) trail.  Absent more solid
          evidence than is available here, see, e.g., Provencher
          v. Berman, 699 F.2d 568, 570 (1st Cir. 1983); Mason v.
          American Emery Wheel Works, 241 F.2d 906, 909–10 (1st
          Cir. [(1957)], a diversity court must take state law as

it finds it: "not as it might conceivably be, some day; nor even as it should be." Plummer v. Abbott Laboratories, 568 F. Supp. 920, 927 (D.R.I. 1983); see also Moores v. Greenberg, 834 F.2d 1105, 1107 n.3 (1st Cir. 1987) (in diversity jurisdiction, task is to determine state law, not fashion a rule which the federal court, independently, might deem best).  And when state law has been authoritatively declared, the federal tribunal should apply that law according to its tenor.  If plaintiff, fully chargeable with knowledge of the decided New Hampshire cases, nonetheless chose to reject a state-court forum in favor of a federal forum, he is in a perilously poor position to grumble when we follow existing state precedent.  Cf. Freeman [v. Package Mach. Co.], 865 F.2d [1331,] 1349 [(1st Cir. 1988)] (party removing case from state court "hard put to complain if the federal court follows state practice in regard to state-law claims").  A plaintiff "who seek[s] out a federal forum in a diversity action should anticipate no more." Plummer, 568 F. Supp. at 927

Kassel v. Gannett Co., 875 F.2d 935, 949-50 (1st Cir. 1989) (parallel citations omitted).  In view of the foregoing, the court can discern no basis for certifying a question of law to the New Hampshire Supreme Court.  Moreover, as plaintiff had the opportunity, in the first instance, to bring this action in the state courts, but chose not to do so, his request for a stay is also denied.

For the reasons given, defendant's motion for judgment on the pleadings (document no. 9) is granted, and Count II is dismissed.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

June 9, 2009

cc:  Scott H. Harris, Esq.
     Thomas W. Kelliher, Esq.
     Cathryn E. Vaughn, Esq.